ANDREW J. STARK, Jr., by his guardian ANDREW
J. STARK, Respondent, v. CHICAGO, ROCK
ISLAND & PACIFIC RAILWAY COMPANY,
UNITED STATES EXPRESS COMPANY and
RALPH ORCUTT, Defendants. CHICAGO,
ROCK ISLAND & PACIFIC RAILWAY COM-
PANY, Appellant.

**Kansas City Court of Appeals, April 6, 1914.**

1. **NEGLIGENCE: Railroads: Trucks: Invitees.** A boy, 14 years
old, while waiting on a railway station platform, for his
father, who was expected to arrive on an incoming train,
leaned against a station freight truck, which was loaded with
sacked flour, and it tipped down to the floor catching and
breaking his leg. The truck had been provided at each end with
a short leg ending in a small wheel, but one of these legs had
been broken off two or three months before, leaving that end
without support. *Held*, that the defendant failed to maintain
its station platform in a reasonably safe condition.

2. ———: ———: ———. A person has a right to go on a
station platform for the purpose of escorting an outgoing
passenger or meeting one whose arrival is expected. To such
a person the railroad company does not owe the extraordinary
care it owes a passenger, but does owe him the duty of
ordinary care to maintain its station building and platform in
a reasonably safe condition.

Appeal from DeKalb Circuit Court.—*Hon. A. D.
Burnes,* Judge.

AFFIRMED.

*John E. Dolman* and *R. A. Hewitt* for appellant.

*E. G. Robison* and *Kendall B. Randolph* for re-
spondent.

JOHNSON, J.—Plaintiff, by his guardian, sued
defendant for injuries received by a loaded truck fall-

ing upon him while he was waiting on defendant's station platform at Amity for the arrival of a train. A trial by jury resulted in a verdict and judgment for plaintiff and defendant railroad company appealed. The main question for our decision is whether or not the verdict is supported by sufficient evidence. Plaintiff was fourteen years old and lived with his parents at Amity, a short distance from, and in sight of, defendant's station. Late in the afternoon of January 6, 1911, he went to the station to meet his father who was expected to arrive at the station on a freight train from the east. A large truck kept by defendant at the station for the movement of freight and baggage was standing in a prominent place on the platform. Earlier in the day, a merchant had loaded the truck with two wagonloads of sacked flour for shipment on the train for which plaintiff was waiting. The platform of the truck was twelve feet long and was supported by two large wheels in the center. It had been provided at each end with a short leg ending in a small wheel but one of these legs had been broken off sometime before, leaving that end of the truck without support. The sacks of flour covered the top of the truck and the load was so evenly distributed that it required a pressure of only fifteen or twenty pounds to cause the unsupported end to sink down to the floor. While waiting for the train, plaintiff lounged against that end of the truck and it tipped down to the floor, catching and breaking his leg. The defect had existed two or three months but the truck had been continued in service on that platform which was provided for the use of passengers and others having business with defendant. The station agent received the shipment from the merchant and we think had knowledge that the flour was loaded on the crippled truck, preparatory to shipment.

The burden is on plaintiff to show that his injury was caused by negligence of defendant, i. e., by the

culpable neglect of some duty defendant owed him and it is the contention of counsel for defendant that it owed him no duty to provide a truck for him to lean against. In other words, that the truck itself proclaimed to persons rightfully using the station platform on the express or implied invitation of defendant that it was designed for use only in the transportation of freight, baggage and express, and not as a seat or resting device for such invitees.

Plaintiff was using the station platform on the implied invitation of defendant and was neither a trespasser nor a mere licensee. As we observed in the recent case of Winscott v. Railroad, 151 Mo. App. l. c. 381, a person has a right to go on station premises for the purpose of escorting an outgoing passenger or of meeting one whose arrival is expected. To such a person the railroad company does not owe the extraordinary care it owes a passenger, but does owe him the duty of ordinary care to maintain its station buildings and platforms in a reasonably safe condition for such use. [Doss v. Railway, 59 Mo. 27; Langan v. Railway, 72 Mo. 392; James v. Railroad, 107 Mo. 480; Railroad v. Best, 66 Tex. 116; Gillis v. Railroad, 59 Pa. St. 129.] The duty of defendant towards plaintiff was to exercise reasonable care to maintain the station platform it had provided for the use of patrons in a reasonably safe condition and it cannot be said that such duty would be discharged if defendant maintained concealed traps or pitfalls on the platform in places where its unwary invitees might be expected to become ensnared and injured by them, and it would be a strange doctrine that would excuse defendant from liability on the specious argument that the invitee should have kept away from the trap because it was not designed or intended for his use or convenience. While the truck, obviously, was not intended to be used as a seat or resting place, defendant was bound to anticipate that per-

sons doomed to the wearisome task of waiting for a train at a country station might lean against, or even sit upon, so convenient an object as a platform truck. In the performance of its duty, defendant was required by law to take into consideration common human habits and customs, and had no right to place its invitees in a situation where they would have to be on the alert to protect themselves from injury. A place is not reasonably safe if it compels one to put a guard over his every action to keep from falling into some trap or snare.

The cases cited by defendant which relate to the proper use of fences, banisters and similar barriers in public or private passageways, e. g., Kelley v. Lawrence, 195 Mo. 75; Stickney v. City of Salem, 3 Allen, 374; Orcutt v. Bridge Co., 53 Me. 500; Kinney v. Onstead, 113 Mich. 96, are not in point. As was said in Winscott v. Railroad, supra, we are not dealing with a case where the plaintiff, traveling on a way prepared only for travel and intended to be used for no other purpose, is injured on account of another use he makes of the place, but with an instance where the plaintiff is injured while using the place for the very purpose for which it was intended and prepared. Plaintiff's business was that of waiting, in a place provided by defendant for that particular use and it was not to be expected that he would stand in one particular spot for fear of moving, or that he would regard every object on the platform that offered some means of rest or relaxation as being loaded with concealed danger. He had the right to assume that a truck loaded with freight was not a hair-trigger trap that would go off and kill or maim him if he but casually touched or leaned against it. The evidence of plaintiff tends to show that a negligent breach by defendant of its duty to exercise proper care to maintain the station platform in a reasonably safe condition was the proximate

Construction Co. v. Investment Co.

cause of his injury.    The demurrer to the evidence was properly overruled.

The objection urged against an instruction given at the request of plaintiff is not well taken.  The judgment is affirmed.

*Trimble, J.,* concurs; *Ellison, P. J.,* dissents.