H. C. LACKLAND, Adm'r of HARRIET E. NELSON, deceased, Appellant, *vs.* GEORGE STEVENSON, Respondent.

1. *Wills—Probate—Administrator, appointment of—Proofs—When contested.—* The appointment by the court of the executor named in the will, or, in case of his renunciation, of such person as the statute authorizes as administrator, with the will annexed, assumes, that the court has passed upon the sufficiency of the proofs and admitted the will to probate. But this assumption may be contested by the proper parties in due time.

2. *Wills—Probate—Wife, renunciation by—Sale of lands—Estoppel.—*A. made his will, appointing his wife executrix, but she by a written communication to the court declined to act, when an administrator with the will annexed was appointed by her consent and at her request, and the order appointing him recited that the will had been duly probated. The will was proved by the subscribing witnesses, and no objection was made to the sufficiency of the proof. It appeared by parol proof, that the widow was informed of her right to renounce the will, but declined to do so. The entry of the clerk of the court was, that the will had, "in due form of law, been exhibited, proved and recorded;" but there was no entry of any formal judgment of probate. Five years after the death of the testator the land conveyed in the will to the wife was sold by the administrator by order of court to pay the debts of the estate, and, seven years after the sale, the wife renounced the will and sued for dower in the land. *Held,* that the conduct of the wife amounted to an estoppel *in pais.*

*Appeal from St. Charles Circuit Court.*

*Lackland and Broadhead,* for Appellant.

I. It devolved upon the defendant to show a will conveying real estate to the wife duly probated, and that one year had elapsed since the completion of the probate thereof. (W. S., 541, §§ 15, 16.) The will offered in evidence was not proved or probated, as required by law. (W. S., 1366, §§ 13, 15.) Neither clerk nor court passed judgment upon the will; and it was not admissible in evidence. (W. S., 1367, § 26; Charlton vs. Brown, 49 Mo., 353; Creasy vs. Alverson, 43 Mo., 13; Milan, Adm'r vs. Pemberton, Adm'r, 12 Mo., 598.)

II. The widow must file her renunciation of the will " within twelve months after the proof of the will." The word proof is there synonymous with probate, and the statute must mean within twelve months after the proof is received and closed up by a judgment of probate.

III. The records of the probate court are open to the whole world; and the administrator and purchasers are bound to know at their peril the law and the condition of the title. (Tapley vs. McPike, 50 Mo., 589.)

*W. A. Alexander*, for Respondent, claimed, setting out the facts :

I. The widow was estopped from claiming dower.

II. There was sufficient evidence of the probate of the will, and that the formal entry is seldom made.

NAPTON, Judge, delivered the opinion of the court.

This is a suit for dower. The plaintiff was the widow of John W. Nelson, who died in 1860, and died seized of certain lands in the county of St. Charles. She claims in her petition, that no dower has been assigned to her, and that she is entitled to one-third for life in said real estate.

The defendant for answer, after admitting death and seizure, &c., sets up; that said Nelson made a will, which was duly proven and probated and recorded, and letters testamentary granted theron; that by said will the testator left his widow seven slaves and other personal property and also all his lands, and among other lands, that in which she now claims dower; that the plaintiff never renounced said will in the time and mode provided by law; that the plaintiff took the personal property and possession of the lands and received the rents and profits thereof until 1865, when it became necessary to sell said lands to pay the debts of testator; that the defendant was the purchaser at said sale, and has been in possession under said purchase ever since.

The ground, upon which the plaintiff claims a right to dower in this land, notwithstanding the will, and notwithstanding its renunciation took place twelve years after the death of the testator and nearly that time after the grant of letters testamentary, is that no judgment of probate appears to have been entered on the records of the court. The 15th section of the act concerning Dower (R. C., 1855, p. 671), provides, that a devise of real estate to the wife shall bar dower

in real estate, unless the will otherwise declares; and the 16th section provides, that in such cases the wife is barred of dower, unless, by a writing duly executed and ,acknowledged, and filed in the office of the court, in which the will is proven and recorded, within twelve months after proof of the will, she renounces the provisions of the will.

The testimony in this case shows, that under a commission from the County Court the two subscribing witnesses to the will were examined, and the depositions returned into court, and no objections were made to the sufficiency of the proof. The will was then recorded in the book appropriated to the records of wills, with the proofs annexed. An administrator with the will annexed was appointed by the consent of the plaintiff and at her request; she preferring not to act, and so declaring in a written communication to the court. The estate was for several years in the course of administration, during which time the land decreed to the widow was sold for payment of debts, and a deed made.

It appears from the parol proof in the case, that the widow was duly apprised of her right to renounce the will, but declined doing so. It also appears, that this land was ultimately sold for payment of debts by order of the court, the sale approved, and a deed made. The slaves, of course, became valueless, though they were hired out until their emancipation. The hardship of the case to the widow is obviously owing to circumstances which the history of those times sufficiently explains. The renunciation of the will was finally made in 1872, about twelve years after the death of the testator, and nearly that time after the appointment of an administrator, and seven years after the land was sold.

The records of the court showed, that, in the order appointing an administrator with the will annexed, it was recited that the will had been duly probated, and the certificate of the clerk in his letters testamentary states, " that the last will of John W. Nelson, deceased, hath, in due form of law, been exhibited, proved and recorded;" but there is no entry on the records of any formal judgment of probate. It is therefore

insisted, that, as there has been no proof of the will, the widow is not barred from her dower.

Our statute allows five years within which parties are allowed to contest a will, and here more than twice five years have elapsed, during which the probate court and the clerk and the administrator and the plaintiff have all acted on the assumption of a probated will. This would seem to be a strong case of estoppel,—by acts *in pais*—even if the record showed no sufficient entry of a judgment. The statute, which limited the time within which a widow should be allowed to renounce the will of her husband, was not designed to hurry her into any precipitate decision, and, therefore, allowed her a year from the proofs of the will; but it is evident, that there was no intention to grant an indefinite period, during which creditors and purchasers and legatees might acquire rights as sacred as hers. For all purposes connected with this case, the appointment of an administrator with the will annexed, reciting the due proof of the will, made to a person whose rights were subservient to those of the widow, and made upon a communication from her that she did not wish to execute the will, and preferred the one appointed, is a record admission of the probate—although, in form, the records do not show such probate.

It is probable, that the records of probate courts, in many cases, do not show a regular and formal judgment upon wills, but simply a record of the will and the proofs of its due execution, without any specific action of the court, or formal judgment of the court upon such will and the proofs to establish it.

The appointment by the court of the executor named in the will, or, in case of her renunciation, of such person, as the statute authorizes, as administrator with the will annexed, assumes, that the court has passed upon the sufficiency of the proofs, and admitted the will to probate. Doubtless this assumption might be contested by the proper parties in due time. In this case the administrator was allowed to progress, with the assent of the plaintiff, and the land in question to

be sold under the administration five years after the death of the testator, and seven years more elapsed before renunciation was made and this suit brought.

Judgment affirmed. The other judges concur.