IN THE MATTER OF THE ESTABLISHMENT OF FORSYTH BOULEVARD; ST. LOUIS COUNTY, *Appellant*.

Division One, March 12, 1895.

1.  **Highway:** CONDEMNATION OF LAND: REPORT OF COMMISSIONERS: EXCEPTIONS: PRESUMPTION.   Where exceptions were not filed to the report of commissioners in a proceeding to condemn land for a public highway, on or before the third day of the term at which the report was required to be filed, as provided by statute (R. S. 1889, sec. 7799), but the county court recognized the exceptions and treated them as a sufficient basis for a jury trial, it will be presumed that it extended the time for filing the exceptions, as it was authorized by the statute to do, and that they were filed within the time given.

2.  ———: ———: DATE OF ESTIMATING DAMAGES.   In a proceeding to condemn land for a public highway, the value of the land taken should be estimated as of the date of the appropriation, and, on trial anew in the circuit court, the time of the appropriation will be taken to be the date of the assessment of damages by the jury in the county court.

3. ———: ———: DAMAGES: EVIDENCE. In a proceeding to condemn land for a public highway, evidence of the value of similar property in the neighborhood, about the time of the appropriation, is admissible for the purpose of aiding the jury in determining the damage to which the owner of the land appropriated is entitled.

*Appeal from Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*R. Lee Mudd* for appellant.

(1) The respondent having failed to file his exceptions to the report of the commissioners, "on or before the third day of the term" of court at which they were filed, lost his right of appeal; and, having no jurisdiction, the court should have sustained the plaintiff county's motion to dismiss the appeal. This point was absolutely and essentially a jurisdictional fact, and may be raised at any time. See statutes of 1889, section 7799. See analogous adjudications in *Robinson v. Walker*, 45 Mo. 117; *Bauer v. Cabanne*, 11 Mo. App. 114, and cases cited. (2) The value of the land some two years after the institution of the suit and actual taking of said land, was not the true criterion of damages, and as indicated by the testimony, being near a large and growing city and rapidly increasing, it is plain that the court's misapprehension as to the proper time of valuation naturally produced an excessive judgment against the appellant county. *Ragan v. Railroad*, 111 Mo. 456; *Railroad v. Wernway*, 35 Mo. App. 449; *Spencer v. Vance*, 57 Mo. 427; 6 Am. and Eng. Encyclopedia of Law, 564, 565 and 566. (3) What other property in the neighborhood was worth or had been sold for was no proper criterion of the value of the particular strip of land in question. *Springfield v. Schmook*, 68 Mo. 394.

*J. P. Kerr* for respondent.

MACFARLANE, J.—This is a proceeding commenced in the county court of St. Louis county for the establishment of a public road, known as Forsyth Boulevard, through the land of respondent William Forsyth and others. Commissioners appointed to assess the damages of the said Forsyth made report on the fourth day of August, 1890, which was the first day of the August term of said court. To this report respondent filed exceptions on the twenty-fourth day of said month. After a trial in said county by a jury, and judgment for the damages found, respondent appealed to the circuit court of St. Louis county, and afterward secured a change of venue to Franklin county.

In said court a motion was made to dismiss the appeal for the reason that exceptions to the report of commissioners were not filed within the time prescribed by statute. The motion was overruled. A trial resulted in a verdict and judgment for respondent for $1,000, and the county of St. Louis appealed.

The statute provides that, in case any person through whose land the proposed road runs refuses to relinquish the right of way, commissioners shall be appointed to assess his damages. The commissioners are required to report on or before the first day of the next regular term of the court thereafter. The statute then provides: "Any party in interest may file written exceptions on or before the third day of said term, if the term shall so long continue; if not, then before the end of said term, unless further time be given by the court." Provision is then made for having a trial by a jury of six freeholders for the assessment of damages to the party excepting. Section 7799.

If no exceptions are filed as provided, and the court be opinion that the road be of sufficient public

utility to justify the payment of the damages awarded, it shall order the road established and opened.    Section 7800.

Section 7801 provides that: "In all cases of appeals being allowed from the judgment of the county court, assessing damages, or for opening * * * any road, the circuit court shall be possessed of the cause, and shall proceed to hear and determine the same anew."

I.    Appellant insists that, respondent having failed to file his exceptions to the report of the commissioners on or before the third-day of the term, the county court had no jurisdiction to grant a jury trial, and both the judgment rendered upon such trial, and the appeal therefrom, are consequently void.

Upon the state of the record, as shown by the abstract furnished us, and by which we are governed, we do not think the question necessarily involved.    The abstract simply shows: "The report of commissioners assessing damages to respondent was filed at the August term, 1890, of said court, on the fourth day of said month, which was the first day of the term; and thereafter on the twenty-fourth day of the same month the respondent filed his exceptions to said report."    We learn inferentially that there was a jury trial in the county court as to the damages of respondent, and an appeal from a judgment rendered thereon.

Now the statute authorizes the county court to extend the time for filing exceptions, and, as it recognized the exceptions filed by respondent and treated them as a sufficient basis for a trial by a jury, we must assume that it acted legally and within its jurisdiction, until a contrary showing is made.    In support of the correctness of its action we will presume that further time was given in which to file exceptions and that they were filed within such time.    Such presumptions are constantly indulged in support of the judgment and

rulings of inferior courts and tribunals. *Lackland v. Stevenson*, 54 Mo. 108; *Herndon v. Hawkins*, 65 Mo. 265; *Vosler v. Brock*, 84 Mo. 574; *Sutherland v. Holmes*, 78 Mo. 399; *Rutherford v. Hamilton*, 97 Mo. 548.

II.  The court, over the objection of appellant, permitted witnesses to testify what the value of the land appropriated was at the time of the trial, which was nearly two years after the assessment by the jury in the county court.

We are of the opinion that the court erred in this ruling.  In the assessment of damages, under condemnation proceedings, the value of the land should be estimated as of the date of its appropriation. *Railroad v. Town Site Co.*, 103 Mo. 451, and cases cited.  Under the statute providing for the condemnation of land for the use of railroads, in the absence of a contrary showing, the date of the assessment by commissioners will be taken as the date of the appropriation. *Railroad v. Fowler*, 113 Mo. 458; *Ragan v. Railroad*, 111 Mo. 462. See, also, *Webster v. Railroad*, 116 Mo. 121.

Section 8800 of the chapter of the general statutes concerning roads and highways requires the court to order the establishment of the road upon the assessment of damages by the jury, in case a jury trial is had. Section 8801 provides that an appeal, prior to the determination thereof, shall not operate as a *supersedeas* of the proceedings of the county court.

In this proceeding, therefore, under the foregoing authorities, we must take the date of the assessment by the jury in the county court as the date of the appropriation.  On the trial in the circuit court, therefore, the land should have been valued as of the date of the jury trial in the county court.  In the vicinity of large cities the value of land often changes rapidly, and we can not say that the error was not prejudicial.

III.   The court also permitted witnesses to testify what similar property in the neighborhood, about the time of the appropriation, sold for.   This evidence was admissible to aid the jury in determining the damage to which the owner of the land appropriated was entitled, and no error was committed in allowing its introduction.  *Railroad v. Clark*, 121 Mo. 185.

Judgment reversed and cause remanded.   All concur.