## HELLMAN COMMERCIAL TRUST & SAVINGS BANK, Appellant, v. ORAN E. LOONEY et al.

### Division Two, July 16, 1917.

1. **PROBATE OF WILL: No Formal Judgment: Presumed From Facts.** Where the testimony shows that the three subscribing witnesses appeared before the judge and *ex officio* clerk of the probate court in vacation and proved the execution of the will, and that their evidence in making such proof was put in writing and subscribed by them before such officer and certified by him, and that such proof has been lost, and a certificate reciting such proof was attached to the will and it was recorded in the "Register of Wills" in the probate court, and thereafter letters testamentary were issued which recited that said will had "in due form of law been exhibited, proved and recorded, a copy of which is hereunto annexed," and all the other proceedings were in harmony with and in execution of the will, it will be presumed that there was a judgment admitting the will to probate, although it is not shown that any such judgment was recorded or that the will was recorded in the office of recorder of deeds.

2. ———: ———: **Innocent Purchaser: Abstract.** A purchaser who had in his possession an abstract of title showing that the will had been recorded in the proper probate court, cannot claim that, because of the failure to record the will in the office of recorder of deeds as required by statute, he is an innocent purchaser without notice of the will.

3. **LEGACIES IN LIEU OF HOMESTEAD: Estoppel.** If the widow has accepted the provisions made for her out of the real estate which are incompatible with the retention by her of a homestead estate in the land, neither she nor those claiming under her can thereafter claim such homestead.

271 Mo.—35

Appeal from Polk Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*Johnson & Sea* for appellant.

(1) A will is a muniment of title, only if duly probated; and the probate of a will is a judicial act, which can be shown only by the record of the court. Creasy v. Alverson, 43 Mo. 13; Smith v. Estes, 72 Mo. 310; Snuffer v. Howerton, 124 Mo. 637; Stowe v. Stowe, 140 Mo. 594; Cohen v. Herbert, 205 Mo. 537; Farris v. Burchard, 242 Mo. 1. (2) One cannot acquire title to land as devisee under a will, where the will has never been established or probated. This purported will, never having been admitted to probate nor recorded in the recorder's office, was, for that reason, inadmissible in evidence and could not pass title, over plaintiff's objection. Bernard v. Bateman, 76 Mo. 414; Keyes v. Munroe, 266 Mo. 115; Snuffer v. Howerton, 124 Mo. 637; Farris v. Burchard, 242 Mo. 1. (3) Plaintiff by itself, as well as grantee of persons having paid valuable consideration for said land, without notice of the purported will of Benjamin Looney, and without means of knowing of same, is entitled to be protected. This court has repeatedly held outside wills, devising real estate in this State, must be recorded in this State, in order to give notice. Is there any reason why the same rule should not apply to wills in this State? Van Syckel v. Beam, 110 Mo. 589; Keith v. Keith, 97 Mo. 223; R. S. 1909, sec. 566; Laws 1870, p. 166. (4) At the death of Benjamin Looney, in January, 1875, his widow took a homestead of 160 acres, if not exceeding in value $1500, which is invested in her by operation of law; to which she took a fee simple title, which descended to her children at her death; unless the interest devised her by Benjamin Looney's will was greater in value than the widow "would have the right to take under the law without reference to any wills." The defendants in this case

failed to show it was of greater value; without such showing the homestead vested absolutely in the widow. Instruction 2 asked by plaintiff should have been given. Schorr v. Etling, 124 Mo. 42; Ball v. Ball, 165 Mo. 312; Burgess v. Bowles, 99 Mo. 543; Kelsey v. Frazier, 78 Mo. 111; Freemel v. McCall, 73 Mo. 343. (5) The failure of the widow to renounce the will did not deprive her of her homestead. Scharr v. Etling, supra; Bogart v. Bogart, 138 Mo. 419. (6) In January, 1875, when Benjamin Looney died seized of a homestead in fee, the same vested in his widow in fee simple and passed to her heirs after her death. Skouten v. Wood, 57 Mo. 380; Rogers v. Marsh, 73 Mo. 64; Mills v. Mills, 141 Mo. 195; Wilson v. Johnson, 160 Mo. 507. (7) It is beyond the power of the husband to devise the homestead, as much so as by his sole deed to convey or mortgage it. Koes v. Gross, 92 Mo. 647; Schneider v. Hoffman, 9 Mo. App. 280.

*Rechow & Pufahl* for respondent.

(1) The first and second points made by appellant are certainly good law, when the facts fit. (2) The cases, cited by appellant under point three, are in relation to the probating and recording of foreign wills. Counsel ask, "Is there any reason why the same rule should not apply to wills in this State?" There certainly is. A domestic will is probated in the county of the residence of the decedent. A record of the proceedings in relation to what has been done in the matter of the administration of the estate is found in the office of the probate court of that county. (3) Instruction 2, asked by appellant, was properly refused. (4) The will was properly probated and admitted in evidence. Lockland v. Stevens, 54 Mo. 108; Creasy v. Adams, 43 Mo. 13; Rothwell v. Jamison, 147 Mo. 601; Hartwell v. Parks, 240 Mo. 537; Farris v. Burchard, 242 Mo. 1. (5) The widow, having accepted under the will and never having renounced the same, took only such estate as was given in the will. Davison v. Davis, 86 Mo. 440; Burgers v. Bowles, 99 Mo. 548; Stoepler v. Silberberg, 220 Mo. 258;

Wood v. Trust Co., 265 Mo. 525; Schuster v. Morton, 187 S. W. 2.

ROY, C.—This is a proceeding to quiet title to two hundred acres of land in Polk County, under section 2535, Revised Statutes 1909.

Benjamin Looney died in January, 1875, seized of 258 acres of land in that county of which the land in controversy is a part. He, at the time of his death, was living upon the land in controversy with his family, which consisted of his wife, Mary M., and three sons by said wife, to-wit, Benjamin L., Jesse E., and William S., all of whom are still living, the defendants herein being the only living children of those three children of the deceased. All of the defendants are minors, appearing by their guardian *ad litem*.

The deceased and his wife each had three children by former marriages. He left a will the material parts of which are as follows:

"(3rd.) I will and bequeath to my beloved wife, Mary Malica Looney, two work horses, my two-horse wagon and harness, four milch cows and calves, twenty head of hogs and all my sheep, all my household and kitchen furniture and a sufficiency of all the provisions that may be on hand at the time of my death for her and her children that may at that time reside with her as members of the family, for one year's support, and I further will that my said wife have and be allowed three hundred dollars in hard money out of what hard money may be on hand at my death, and I will that the above described and mentioned articles be allowed to my wife, Mary Malica Looney, absolutely, they and the property and interest hereinafter willed and devised to her to be in lieu of all her dower interest in my estate, both real and personal.

"(4th.) I will that all my real estate situated in the county of Polk, in the State of Missouri, known and described as the home place on which I now reside, remain in the possession and control of my wife, Mary Malica Looney, as long as she remains my widow, for the

use and support and maintenance of herself and Benjamin Leonidas Looney, Jesse Edward Looney and William Stanford Looney, my youngest sons. And in the event of the death or marriage of my said wife, then and in that event, all of said before mentioned real estate shall descend and absolutely belong to my said sons, Benjamin Leonidas Looney, Jesse Edward Looney and William Stanford Looney, and the heirs of their bodies, share and share alike, and in case of the death of either of them, without heirs of his body, then and in that event the said named real estate shall descend and rest absolutely in the survivors of them, and in case of the death of all three of them without bodily heirs, then and in that case, all of said lands shall be equally divided between my other children, as follows: To Alzira Ruyle one-third part of said real estate, to Matilda Mitchell one-third part of said real estate, to the heirs of Mary Ruyle, deceased, equal shares of one-third part of said real estate, and in the event that said real estate cannot be divided between them in accordance with this my last will, then the same shall be sold to the best advantage by my executor and the proceeds divided as before stated."

The testimony tends to show that three subscribing witnesses to that will appeared before the judge and *ex-officio* clerk of the probate court in vacation and. proved the execution of the will, and that their evidence in making such proof was put in writing and subscribed by them before such officer and certified by him and that such proof had subsequently been lost. Attached to said will was the following writing:

"In the Polk County Probate Court.

"Be It Remembered, That, on the 30th day of January, A. D. 1875, personally appeared before me, Judge of Probate for the County and State aforesaid, James P. Slagle, James Utley and Joseph Davis, the subscribing witnesses to the within will of Benjamin Looney, deceased, and being by me first duly sworn, depose and say that the said Benjamin Looney, the testator, subscribed the same in their presence, and published said

will or instrument of writing as his last will.  That he, the said testator, was at the time of publishing his said will, of sound mind, and that they, said deponents, attested said will as witnesses thereto by subscribing their names to the same in the presence of each other and of said testator.''

That will was duly recorded at the time in the ''Register of Wills'' in the probate court, but was never recorded in the office, of the recorder of deeds.

At the trial no formal entry of a judgment of the probate court admitting the will to probate was put in evidence.  Judge Rechow of the probate court testified that he helped counsel for defendants search the records of said estate in that court, and, during his cross-examination, the following occurred:

''Q.  Now, did you find any order of record admitting this will to probate?  A.  No, sir, I don't think I did.

''Q.  Do you know whether you did or not?  A. Yes, sir, I don't think it was ever found.''

But the records of the court were not put in evidence to show that they contained no such entry.

The letters testamentary contained this recital:

''Know Ye, That the last will of Benjamin Looney, deceased, hath in due form of law been exhibited, proved and recorded, a copy of which is hereunto annexed; and inasmuch as it appears that Reuben C. Gilmore has been appointed executor in and by said last will to execute the same,'' etc.

The executor made his settlements as such in the court, and, so far as the evidence shows, the whole administration was conducted by the executor and by the court as though there had been a formal judgment of probate of the will.  The distributions were made on that basis, and the widow receipted to the executor for the personal property devised to her.

The widow, for several years after her husband's death, lived on the land in controversy, with the three children of her last marriage, then moved elsewhere, dying in the West about ten years before the trial; but

during all her life after Looney's death she was in receipt of the rents of all the lands of the estate. In 1895 said Benjamin L. and Jesse E. Looney conveyed the land in controversy to their brother William S., under whom the plaintiff claims through intermediate conveyances.

At the trial plaintiff's counsel produced an abstract of title to the land in controversy, showing thereon an abstract of said will as being of record in the probate court of that county. That abstract was certified as having been originally made a few days before the conveyance of the land in 1895 by two of the Looney brothers to the other. Mr. Sea, of counsel for the plaintiff, testified that he got the abstract from lawyers in California who represented this plaintiff, but he made no explanation as to when the plaintiff or those under whom it claims first came into possession of the abstract. The children of Mrs. Looney by a former marriage conveyed any interest they may have had in the land to the plaintiff.

The trial court entered a judgment in which it found that Benjamin Looney was living on the land in controversy at the time of his death and that he had a homestead therein, and that his widow, after his death, had possession of all his lands and collected the rents therefrom until her death, and that said Benjamin Looney executed the alleged will as his will, and that the same was admitted to probate. Said judgment adjudged to the plaintiff the life estates of Benjamin L., Jesse E. and William S. Looney, and to the minor defendants the remainder in said land to take effect in possession on the death of said three children of said testator.

I. Appellant contends that the judgment admitting a will to probate is a judicial act, and that it can be shown only by the record of the court. That is true as a general proposition, but it has been held that in some cases the law will, from given facts, indulge the presumption that such a judgment has been rendered. In Creasy v. Alverson, 43 Mo. 13, there was no showing as to whether the record of the probate court showed such

judgment probating the will. It was held that the will having been proved before the clerk of the probate court and recorded in the record of wills in that court with the proof endorsed thereon, according to law, there was a presumption that it had been duly admitted to probate.

In Rothwell v. Jamison, 147 Mo. 601, there was no showing as to whether the record of the probate court showed a formal judgment probating the will, but it was held that such will with the proofs by the subscribing witnesses thereto attached having been duly recorded in the records of the probate court as required by law there was a presumption that there had been entered such a judgment of probate.

In Hartwell v. Parks, 240 Mo. 537, the records of the probate court had been destroyed by fire. This court therein cited and approved the two cases above mentioned.

In Lackland, Admr., v. Stevenson, 54 Mo. 108, 1. c. 111, there was no record of any formal judgment of probate, but the will had been duly proved and, with the proof, duly recorded in the probate court. Letters of administration with the will annexed were issued and the estate duly administered thereunder. It was there said:

"For all purposes connected with this case, the appointment of an administrator with the will annexed, reciting the due proof of the will, made to a person whose rights were subservient to those of the widow, and made upon a communication from her that she did not wish to execute the will, and preferred the one appointed, is a record admission of the probate—although, in form, the records do not show such probate.

"It is probable, that the records of probate courts, in many cases, do not show a regular and formal judgment upon wills, but simply a record of the will and the proofs of its due execution, without any specific action of the court, or formal judgment of the court upon such will and the proofs to establish it.

"The appointment by the court of the executor named in the will, or, in case of her renunciation, of such

person as the statute authorizes, as administrator with the will annexed, assumes, that the court has passed upon the sufficiency of the proofs, and admitted the will to probate. Doubtless this assumption might be contested by the proper parties in due time. In this case the administrator was allowed to progress, with the assent of the plaintiff, and the land in question to be sold under the administration five years after the death of the testator, and seven years more elapsed before renunciation was made and this suit brought."

In Farris v. Burchard, 242 Mo. l. c. 10, this court cited the Lackland case with approval, but said:

"Those cases go as far to sustain the plaintiffs' theory of this case as this court has ever gone, but to fully sustain the plaintiffs' theory we would have to go one step farther. This will was never recorded, therefore it lacks that important fact which was in the cases referred to, and as the court in the case last cited held that it should be presumed that the clerk in recording the will in that case did his duty and waited until it had been probated, so the presumption in the case at bar should be that the clerk did his duty in withholding this will from record because the court had not by its judgment declared it duly probated."

We call attentioon to the fact that while Section 563 of our Revised Statutes requires the clerk of the probate court to record the will in the probate records, Section 566 does not name the party who shall file the will for record in the office of the recorder of deeds. We hold that all the proceedings in the probate court as above shown being in harmony with and in execution of said will, and there being nothing left undone which the law requires to be done in such matters except the mere failure to enter such formal judgment of record, those proceedings in the probate court should be and are treated as equivalent to such formal entry of judgment.

Plaintiff contends that by reason of the failure to record the will in the office of the recorder of deeds as required by the statute it is an innocent purchaser without notice of such will. Without deciding what is the ef-

fect of such failure to record the will, we hold that the plaintiff is not in a position to claim the benefit of that statute. This court is presumed to know what are the uses generally made of abstracts of title to real estate. The evidence shows the making of such abstract of the title to this land just a few days prior to the first transfer of the title after the testator's death. That abstract showed said will. It was in the possession of plaintiff's counsel at the trial. The circuit court had the right to infer as a fact that such abstract of title had passed with the title from the sons of the testator through the hands of intermediate purchasers to the plaintiff. The judgment was based on such inference and there is no reason why we should interfere with it in that respect.

III. The widow, having accepted the provisions made for her out of the real estate of the deceased, and those provisions being incompatible with the retention by her of the homestead estate in such land, neither she nor those claiming under her could thereafter claim such homestead. [Schuster v. Morton, 187 S. W. 2; Wood v. Trust Co., 265 Mo. 511, and the cases there cited.]

The judgment is affirmed.

*White, C.,* concurs.

PER CURIAM:—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur; *Faris, J.,* in result.