RAGAN *et al.* v. THE KANSAS CITY & SOUTHEASTERN RAILWAY COMPANY, *Appellant.*

Division Two, September 20, 1892.

1. **Civil Practice:** PARTIES: AMENDMENT: WAIVER OF OBJECTIONS. The objection that one was improperly made a party plaintiff after the filing of the original petition must be made by demurrer or answer, or it will be waived.

2. ———: ———: ———: ———. The statute authorizes the filing of an amended petition adding such new party.   (Revised Statutes, 1889, sec. 2098.)

3. **Railroad:** EMINENT DOMAIN: EVIDENCE: DAMAGES. In an action against a railroad company for appropriating land for a right of way, it is competent for the company to show that plaintiff's husband had been paid for the land by a company under which defendant claimed, and that he was her authorized agent, the land being her separate estate.

4. ———: ———: ———. The several conveyances through which defendant claimed title from the first company were also properly admissible in evidence.

5. **Evidence:** VALUE OF LAND: OPINION OF WITNESS. A real-estate agent who has long resided in a town, and has property listed on his books in a certain addition thereto, is competent to testify as to the value of property in that addition.

Ragan v. The Kansas City & S. E. Ry. Co.

6. **Railroad**: RIGHT OF WAY, DAMAGES FOR. In an action against a railroad for the appropriation of land for a right of way, the owner is entitled to recover the value of the land taken, and the damages, if any, to the tract of which it forms a part, less the benefits peculiar to said tract from the location of the road.

7. —— : ——. The damages are to be assessed as of the time of the taking and appropriating the land.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED AND REMANDED.

*Johnson & Lucas* for appellant.

(1) The court erred in sustaining the objection to the introduction of any evidence. The trustee was not appointed until after the institution of the action and at the time of the filing of the amended petition. (2) The court erred in the exclusion of competent evidence as to payments made for the right of way by the Kansas City, Memphis & Mobile railway (*Taylor v. United States*, 3 How. 198), and as to the mesne conveyances from said railroad to defendant. (3) So the court erred in refusing to admit the evidence of the witness Bernard as to the value of the property. *Railroad v. Calkins*, 90 Mo. 543; *Railroad v. DeLissa*, 103 Mo. 125. (4) The court also erred in giving and refusing instructions.

*Kennedy & Robinson* and *Robinson, O'Grady & Harkless* for respondents.

(1) The statute of uses executes the trust estate conveyed to Lea, and places the absolute title in Mrs. Ragan, as her separate estate. 8 Bacon's Abridgment, p. 218; *Guest v. Farley*, 19 Mo. 147; *Slevin v. Brown*, 32 Mo. 176; *Pawley v. Vogel*, 42 Mo. 291;

*Chudleigh's case*, 1 Co. Rep. 126. (2) Our statute of uses is identical with the statute of 27 Henry VIII., c. 10, which above authorities construe. 8 Bacon's Abridgment, p. 188; Revised Statutes, 1879, sec. 3938. (3) Even if Kennedy was a necessary party to the litigation, he might be properly brought in by amended petition as he was, under the statute of jeofails. Revised Statutes, 1889, sec. 2098. (4) At any rate the objection as to Kennedy's not being properly party plaintiff not having been made by demurrer or answer must be considered waived, and cannot be raised by objection to testimony. Revised Statutes, 1889, secs. 2043, 2047; *Pettingill v. Jones*, 21 Mo. App. 210; *Ames v. Gilmore*, 59 Mo. 542. (5) In the evidence there is no dispute about the fact that we have been in possession of the premises by ourselves and our grantors since 1833. This is sufficient to support the action of trespass without proof of title. *Reed v. Price*, 30 Mo. 442; *Watts v. Loomis*, 81 Mo. 236. (6) Actual possession of land is evidence of title against anyone who does not show a better title. *Weeks v. Etter*, 81 Mo. 375; *Duke v. Brandt*, 51 Mo. 221; *Barry v. Otto*, 56 Mo. 177. (7) Only witnesses shown to be acquainted with the value of the property in controversy are competent to give opinions as to the value of such property, and what property has sold for in the vicinity is not competent evidence to show value. *Railroad v. Heister*, 40 Pa. St. 53; *Railroad v. Rose*, 74 Pa. St. 362; *Springfield v. Schmook*, 68 Mo. 394; *Chouteau v. St. Louis*, 8 Mo. App. 48; *Fire Clay Works v. Ellison*, 30 Mo. App. 67. (8) Even supposing this action to have been a condemnation proceeding, the evidence of witnesses does not bring the case within the rule announced in *Railroad v. Randolph T. S. Co.*, 103 Mo. 451. But this is an action in trespass for conversion of our land, in which case the damages are to be assessed

with regard to the value of the land at the date of the trespass. 1 Sutherland on Damages, p. 173, and note 1; *Mueller v. Railroad*, 31 Mo. 262; 5 American & English Encyclopedia of Law, p. 40; *Hickerson v. Mexico*, 58 Mo. 61; *Soulard v. St. Louis*, 36 Mo. 546. (9) The Memphis & Mobile railroad acquired no rights in the plaintiff's premises which they could transmit to defendant. A mere trespass without attempt at condemnation does not give any rights. *Railroad v. Randolph T. S. Co.*, 103 Mo. 464. (10) A party is not entitled to complain of an error in the instruction of an adverse party when his own contains same error. *Reilly v. Railroad*, 94 Mo. 600; *Gates v. Railroad*, 44 Mo. App. 488.

GANTT, P. J.—This is an action for damages for the appropriation by the defendant of a strip of land one hundred feet wide, through lots 20 and 21 in Catherine Purdon's addition to the town now city of Westport, in Jackson county, Missouri.

The property has a frontage of one hundred and thirty-two feet on Mill street and a depth of one hundred and twenty feet. The plaintiffs are Mrs. Lucinda Ragan and her husband and Thomas Kennedy, her trustee, under appointment of the circuit court.

According to the petition and the great weight of evidence, Mrs. Ragan is, and has been since 1859, the owner in fee simple, to her sole and separate use, of the said real estate, by virtue of a deed to her, to said property, from her mother, Mrs. Purdon. Wm. P. Lea was the original trustee, but died before this action was commenced. After this suit was begun the plaintiffs had Mr. Kennedy appointed trustee in lieu of Lea, deceased, and he was then made a party plaintiff in an amended petition.

In 1874, the Kansas City, Memphis & Mobile Railroad Company graded a right of way through these lots, and tore down the fencing. The defendant, in 1886, was organized as a railroad company and took deeds from the various owners who had succeeded to the rights of the Kansas City, Memphis & Mobile railroad, among others, to this right of way. In 1887, the defendant took possession and laid its track through these premises. The plaintiffs claim that Mrs. Ragan never parted with her title, and has not been paid for the right of way. The defendant claims that the Kansas City, Memphis & Mobile paid Mrs. Ragan's husband $600 in full for the right of way; that he was her duly authorized agent for that purpose, and that in pursuance of that arrangement the old company with her consent entered and graded the lots for their track. The other facts will appear in the further discussion of the case.

The verdict was for $2,000. Defendant has appealed.

I. The defendant objected to the introduction of any evidence, because the trustee Kennedy was appointed after the original petition had been filed. This objection comes too late. It it was available at all, it should have been made by demurrer or answer. Having neglected to make the point in his answer or by demurrer it must be considered waived. *Franke v. City of St. Louis*, 110 Mo. 516; *Paddock v. Somes*, 102 Mo. 226.

But there was no irregularity in making him a party plaintiff and permitting an amended petition to be filed. Our statute expressly authorizes such an amendment. Revised Statutes, 1889, sec. 2098.

II. On the trial the defendant offered to prove by W. R. Bernard and John J. Mastin and Charles E. Robinson that John F. Ragan, plaintiff's husband, was paid for this right of way across this property in 1874,

by the Kansas City, Memphis & Mobile Railway Company, but the trial court upon the objection of plaintiffs excluded this evidence. In so ruling, we think the court erred. The defendant offered to prove that by mesne conveyances, it had become the owner of this right of way under the Kansas City, Memphis & Mobile railroad. Mrs. Ragan when on the witness stand testified that, when the Kansas City, Memphis & Mobile railroad went on this property, "her husband went to see them about it." "*I sent him, of course, to see them.*"

As Mrs. Ragan was the owner of an estate in equity in her own right, and to her sole and separate use, in these lands, she had a perfect right to appoint an agent to represent her in obtaining compensation for this right of way. If that company then paid her duly authorized agent for and obtained possession of these lands, by his consent as agent of his wife, she is most clearly bound by his act, and this was what defendant offered to show. *Hach v. Hill*, 106 Mo. 18; *Pitts v. Sheriff*, 108 Mo. 110.

We think the court should have permitted this evidence, for the purpose of showing that defendant and those under whom it claimed possession were not trespassers, but were there by consent of plaintiff, and had paid for the right of way.

The plaintiff had testified that the Kansas City, Memphis & Mobile had dug the ditches, thrown up the embankments and ruined the house; now if through her husband she had collected the damages thus occasioned by that company, and had stood by and permitted the company to expend its money in constructing its roadbed, and took no legal steps to restrain them, she was estopped by such conduct as effectually as if she were an unmarried woman. The argument is made by her counsel that, by merely sending her husband to see them about it, she did not authorize him to settle

with the road.   Her statement is not clear, but it is apparent that the trial court cut short this evidence. Had it permitted the proof, it might have shown that Ragan was duly authorized and received the payment, or it might have shown that he was not authorized and did not receive it.   We think it was a proper subject of inquiry by the jury, upon a fair investigation.   So far as this evidence was permitted, it tended to prove her husband was her agent and the payment *prima facie* within the scope of his employment.

We only hold now that competent and material evidence was excluded, and that this is reversible error.

III.   The trial court also erred in not permitting defendant to prove, by the several deeds offered, that it had become the owner of the right of way acquired by the Kansas City, Memphis & Mobile railroad.

If, as already said, the plaintiff permitted that company to grade its roadbed through her lot and paid her for it, and she stood by and permitted it to expend its money in building and constructing its road, without protest, then she was estopped from claiming it, not only as to that company but its grantees.   This is certainly too plain to be longer questioned in this state.   *McLellan v. Railroad*, 103 Mo. 295.

IV.   The court also erred in excluding the evidence of the witness Bernard, as to the value of this property.   His long residence in Westport, his occupation as a real-estate agent, the fact that he had property listed upon his books in the same addition, and other facts testified to by him, afforded ample foundation for his opinion as to values in that neighborhood.

V.   Defendant complains of the instruction of the court as to the measure of damages.   That instruction is as follows:   "2.   In estimating the damages to the land in controversy, the jury will consider the quantity and value of the land taken by the defendant company

for a right of way, and the damages to the whole tract by reason of the road running through it, and deduct from these amounts the benefits, if any, peculiar to said tract of land, arising from the running of the road through the same, and by peculiar benefits to the land is meant such benefits as that land derives from the location of the road, which are not common to the other lands in the same neighborhood; and in this connection you are instructed that the damages are to be fixed and determined as of the date that the defendant, the Kansas City & Southeastern Railroad Company, took possession of the lots in controversy, in 1887, and not of any other date; but in no event can your verdict exceed $7,000.''

This has long been settled as the true rule in this state. It has been so recently reasserted by division number 1 of this court in *McReynolds v. Railroad*, 110 Mo. 484, that it requires no further discussion. This instruction properly required the damages to be assessed as of the time of the taking and appropriating the land.

In this case, that time was when defendant entered and graded the roadbed and laid its tracks, and it should be held for the damages it then caused, unless the jury under appropriate instructions should find that, by reason of a previous arrangement, plaintiff had received the compensation from its grantors, and was estopped to claim damages at all.

VI. Inasmuch as both parties claimed title from the same common source, the errors, if any, in admitting the copies of the entries, were harmless, and do not affect the merits of the case.

VII. As to the other declarations of law. The first for plaintiff is erroneous in that it ignores altogether the defendant's claim of prior purchase and adverse possession.

The third for plaintiff is unnecessary and misleading. The title to the lots outside of this right of way is not in question. The right of way was the matter in dispute, and the title to that was one for the jury under the evidence and proper instructions.

The fourth and fifth are unobjectionable. The sixth is meaningless. We see no reason for defining "market value," as that expression is not to be found elsewhere in the record.

Upon a new trial, when the defendant has introduced its deeds of conveyances, and evidence of adverse possession, it will be entitled to instructions embodying the principles laid down in its fourth and fifth instructions, modified according to the proof.

It results that the judgment must be reversed and the cause remanded for new trial in accordance with the views herein expressed.   All concur.