The Illinois, Iowa and Minnesota Railway Company

*v.*

Alvin Easterbrook *et al.*

*Opinion filed October 24, 1904.*

1. Eminent domain—*measure of damages to land not taken.* If lands not taken will be depreciated in value by the construction and operation of a railroad, the measure of damages is the difference in the market value of lands before and after the construction.

2. Same—*instruction should not refer to fact that land is taken against owner's will.* An instruction upon the subject of damages in a condemnation suit should not call the attention of the jury to the fact that the land is being taken against the owner's will.

3. Same—*instruction should not assume that land will be damaged.* An instruction in a condemnation proceeding is erroneous which assumes that lands not taken will be damaged, that question being sharply controverted.

Appeal from the County Court of DeKalb county; the Hon. William L. Pond, Judge, presiding.

This was a condemnation proceeding, brought by the Illinois, Iowa and Minnesota Railway Company, appellant, in the county court of DeKalb county, on March 7, 1904, to condemn a strip of land, one hundred feet in width, through two tracts of land in said county, one of said tracts containing 160 acres and belonging to appellees, Alvin, James and Wilson Easterbrook, and the other containing 40 acres and owned by appellee, Priscilla Easterbrook. The right of way passes diagonally across the north-east corner of the 160-acre tract, leaving a piece in said corner containing 13.92 acres, separated from the remainder by the right of way. The land actually taken in this tract contains 3.832 acres. The right of way crosses the south-west corner of the 40-acre tract, cutting off one-tenth of an acre in that corner. The land actually taken from this tract for the right of way contains .612 of an acre.

The jury awarded to the owners of the 160-acre tract $421.52 as compensation for the lands actually taken, and

to Priscilla Easterbrook $61.20 for the strip taken as right of way through the 40-acre tract.

Appellees' witnesses fixed the damages to the remainder of the 160-acre tract not taken at amounts between $1900 and $3000, and the damages to the 40-acre tract outside the right of way at $80 to $400, while the witnesses for appellant testified that there would be no damage to the land not taken in either of the tracts, a number of them testifying that the land would be benefited. The jury awarded $1200 as damages for that part of the 160-acre tract not taken, and $200 as damages to that portion of the 40-acre tract not taken.

The court rendered judgment for the amounts above specified as found by the verdict of the jury, and the railroad company appealed to this court.

Appellant urges that the amounts allowed for damages to land not taken were excessive, and that the court erred in excluding evidence offered by the petitioner, in giving to the jury appellees' instructions numbered 1, 2, 4, 5, 7, 8, 9, 10, 13 and 14, and in refusing to sustain a motion made by the appellant to tax the fees of appellees' witnesses in excess of eight, against appellees.

D. J. Carnes, A. W. Fisk, and Murphy & Alschuler, for appellant.

Cliffe & Cliffe, (John M. Raymond, of counsel,) for appellees.

Mr. Justice Scott delivered the opinion of the court:

It is assigned as error that the verdict under consideration was excessive in amount. Appellant's contention below, and now, is that there was no damage to the lands not taken, and its witnesses so testified. A greater number of witnesses, testifying on the part of appellees, stated that the lands not taken would be damaged, and fixed the damages at varying amounts. The allowance for damages to lands not taken, fixed by the verdict, is less than the average of the estimates

211—40

of appellees' witnesses. Appellant bases its contention principally upon its assertion that its witnesses were better qualified than those of appellees. We have carefully examined the evidence, and would not be disposed to interfere with the judgment had the jury been correctly instructed.

The first instruction given on the part of appellees is as follows:

"The court instructs the jury that they alone are required to determine the amount of the compensation which shall be awarded to the respondents in this case, for the actual value of the land taken, and for the injury and damage done to the residue of the farms or lands of each, by the use of that part which shall be taken from each for the location and operation of a railroad. The jury must estimate and ascertain from the evidence as well as from their own observation, judgment and experience, what are the usual and natural effects of a railroad upon the adjoining lands. And the damages and injury to each of the defendants is the sum of the actual value of the land taken from them respectively and the injury which the location and use of the railroad through the several farms or tracts, may cause the remainder, and the jury must report such full compensation to the respondents as will make them whole for the lands taken respectively and for all such injury and damage to the remainder of their lands or farms respectively, as the jury may believe from the evidence or from your own observation, judgment and experience actually affect the value of said farms for use if retained by the defendants, or which affect the market value thereof if said defendants or either of them shall choose to sell said lands."

The objections to this instruction are two-fold: First, it assumes there was damage to the land not taken; second, by the last clause of the instruction the jury are told that damage to the land not taken may be estimated by the injury to the land for use if retained by the defendants; while the true measure is the diminution, if any, in the market value of the land not taken, by reason of the construction and operation

of the road. We think both of these objections are well taken. Appellant was insisting vigorously that the lands not taken were not damaged at all, and this instruction assumes that they were damaged. That is a question the jury should have been permitted to determine for themselves without any intimation from the court that their verdict should include compensation for such damages.

As to the second objection the law is that if lands not taken will be depreciated in value by the construction and operation of a railroad, the measure of damages is the difference in their market value before and after the construction of the road. *Illinois Central Railroad Co.* v. *Turner,* 194 Ill. 575, and cases there cited.

It does not meet the difficulty to say that the measure of damages was correctly given to the jury in other instructions. By this instruction they were authorized to apply an improper measure. They could not tell which instruction to follow. This is not an instance where an element lacking in one instruction is supplied by another, so that the two when read together state the law correctly.

Appellees' eighth instruction improperly called the attention of the jury to the fact that their lands were being taken against their will. This was calculated to arouse the prejudice of the jury against the petitioner. The duty of the jury is confined to fixing the damages. Whether or not the owner is willing that the lands should be taken, does not concern the jury. To call their attention by an instruction to the fact that he objects and is helpless, is apt to excite their sympathy for him and lead them to return a verdict in a larger amount than is warranted by an impartial consideration of the evidence.

The other errors assigned are without merit.

The judgment of the county court will be reversed and the cause remanded.        *Reversed and remanded.*