STATE EX REL. STATE HIGHWAY COMMISSION OF MISSOURI, APPELLANT, v. A. N. DAY AND MYRTLE DAY (HIS WIFE) AND FEDERAL LAND BANK OF ST. LOUIS (HOLDER OF A MORTGAGE), DEFENDANTS.—47 S. W. (2d) 147.

St. Louis Court of Appeals. Opinion filed March 8, 1932.

*John W. Mather, Wilkie B. Cunnyngham, B. F. Boyer* and *R. M. Eubanks* for appellant.

888

*W. W. Botts* and *Abbott, Fauntleroy, Cullen & Edwards* for respondents.

SUTTON, C.—This case went to the Supreme Court on appeal from the Circuit Court of Audrain County. It was argued and submitted in Division No. 1, whereupon that division, in a well considered opinion by Presiding Judge Atwood, stated the facts and disposed of the case as follows:

"This proceeding was instituted in the circuit court of Audrain County to condemn certain land belonging to defendants, who appear here as respondents, for right-of-way and drainage purposes in the location and construction of a certain state highway. The amount of land sought to be taken for right-of-way purposes was 5.28 acres; that sought for a channel for drainage purposes, fee not to be taken, was a strip not more than five feet in width extending at right angles from the outside right-of-way lines of said road at a certain station for a distance of fifty feet each way. This highway was located across defendants' 330 acre farm which consisted of five adjoining forty acre tracts, the west line of which extended one and one-fourth miles north and south; and three forty acre tracts and about ten acres off of the north side of another forty acre tract, all contiguous, immediately east of and adjoining the north four of the five forty acre tracts first mentioned. The highway in question entered defendants' land near the middle of the south line of said ten acre tract, thence extended in a northwesterly direction to the northwest corner of the forty acre tract lying immediately north of said ten acre tract, thence in a northwesterly direction across a contiguous forty acre tract to the northwest corner thereof. The location of the state highway thus substantially bisected defendants' farm. The principal buildings and improvements were located slightly northeast of the center of the farm and were north and east of the location of the state highway. Commissioners were appointed and they returned an award of $727.50 in favor of the landowners. All parties filed exceptions to this award and a jury trial was had resulting in a verdict of $1500 for defendant landowners. Plaintiff appealed from the judgment entered thereon.

"It appears from the evidence that for many years prior to about three years before this case was tried in the circuit court a dirt highway ran from the town of Mexico to the town of Paris crossing a stream known as Skull Lick Creek at the point where the highway now in question enters the ten acre tract above mentioned. From this point the old road ran west along the north bank of this creek to the southwest corner of said ten acre tract which was on the north and south quarter quarter section line, thence over defendants' land

for a little over a quarter of a mile to a point slightly southwest of their residence, thence on a sharp turn west through defendants' land for a quarter of a mile, thence north along defendants' west line in the general direction of Paris. About three years before this case was tried in the circuit court the State Highway Commission located and graded a hard surface state highway from said Skull Lick Creek crossing through defendants' land along a practically straight line running in a northwesterly direction to said sharp turn west near defendants' residence. Defendants executed and delivered conveyance for this right of way, but no agreement being reached for right-of-way sufficient to round off the sharp turn to the west a tract comprising about 3/10 of an acre was condemned for that purpose. This new road from Skull Lick Creek northwest to defendants' residence and the old road from this corner for a quarter of a mile west and thence north along defendants' west line were graded and maintained by the State Highway Commission until the hard surface state highway was further located from the corner near defendants' residence in a northwesterly direction to defendants' west line as first above described, when this condemnation proceeding was commenced. The fee sought to be taken was to widen the right-of-way previously acquired from defendants for the road extending from Skull Lick Creek to their residence and for the required new right-of-way from that point northwest to their west line. The 5.28 acre tract thus sought to be taken is exclusive of that previously acquired from defendants by right-of-way conveyance and condemnation, all of which is embraced within the right-of-way lines of the hard surfaced state highway as finally located.

"Counsel for appellant first urge that the court erred in admitting in evidence the petition, judgment and instructions of the prior condemnation proceeding between the same parties, and in refusing to give plaintiff's requested instructions E and F directing the jury to disregard such evidence. The doctrine of special benefits applicable to land a part of which is condemned in the location and construction of a state highway has been so recently stated and thoroughly considered by this court in State ex rel. State Highway Commission v. Jones et al., 15 S. W. 338, that it need not be reviewed at length in this opinion. It is applicable to this case and we again say, as we said there (l. c. 341), 'a highway, such as was contemplated in this proceeding, presumptively confers upon adjoining land—on account of its physical relation to it—a special benefit; whether it does in fact in a given case (of the character of this) is for the jury.' Such benefits may be set off against the damages to the remainder as well as the value of the part taken. [2 Lewis on Eminent Domain (3 Ed.), section 61; Newby v. Platte County,

25 Mo. 258; Bennett v. Woody, 137 Mo. 377, 383, 38 S. W. 972; Howell v. Jackson County, 262 Mo. 403, 418, 171 S. W. 342.] The law is also well settled that the time with reference to which compensation is to be made is the time of the appropriation. [Ragan v. Kansas City & S. E. Ry. Co., 111 Mo. 456, 20 S. W. 234, 235; McElroy v. Kansas City & I. Air Line, 172 Mo. 546, 559, 72 S. W. 913, 917.] Hence it follows that in ascertaining the measure of damages for each succeeding appropriation it is immaterial that the land has previously been subjected to a public use which in its nature was an improvement, for if it be specifically benefited by each succeeding appropriation the measure of such benefits is for the jury to determine as of the time the appropriation was made. Counsel for respondent cite some Missouri decisions and a number from other states to the effect that the only benefits to be taken into consideration are those created by the change which necessitated the second appropriation. This expression is consistent with the view above indicated but it does not sustain respondents' contention that the petition, judgment and instructions in the prior condemnation suit, a separate and distinct proceeding in which other land was acquired, were properly admitted as evidence in this proceeding. Such matters were clearly incompetent, irrelevant and immaterial (22 C. J., sec. 89, p. 158; Railroad v. Blechle, 234 Mo. 471, 478, 137 S. W. 974; Cantwell v. Johnson, 236 Mo. 575, 595, 139 S. W. 365), and plaintiff's objections thereto should have been sustained. Plaintiff thereafter sought to exclude this evidence by offering instructions E and F directing the jury to disregard this evidence, and the court again erred in refusing them.

"Counsel for appellant next say that the trial court erred in giving defendants' requested instruction numbered 1. The instruction is as follows:

" 'You are instructed that, in arriving at the amount of damages that the defendants have sustained, first, you will determine the value of the land taken by the plaintiff for its right of way; second, the injury or damage, if any, to the remaining portion of the land of the defendant by reason of the construction of the road. In estimating the damages you may take into consideration the market value of the land taken at the time the same was taken, and, in determining the injury to the balance of the tract, you may consider the separation of the pasture, improvements, and their convenient connections, or inconveniences of crossing the road with farm machinery to farm separate tracts, the ill shape and the inconvenient shape the remainder of the farm is left in for farming purposes, the inconvenience of crossing the road to farm portions of the land cut off from the residence, of the hauling the products of the farm to the barn across the road, of the driving stock to

and from one part of the farm to another for pasturage, and other purposes, in fact, anything that would injure the salable value of the farm.'

"A number of objections, some of little moment, are leveled against this instruction. We will discuss only those urged in appellant's printed argument. It is said this instruction set no specific time as the date from which damages should be assessed. It did direct the jury to 'take into consideration the market value of the land taken at the time the same was taken.' The specific date appeared in plaintiff's corresponding instruction B, and as all the evidence relative to damages was directed to the same date, we are convinced the jury was not misled. It is next said that the instruction assumed disputed facts, particularly, that damage would result to defendants from the condemnation. It was clearly not a disputed fact that a part of defendants' land was taken and that it had a value. Therefore, to the extent of the value of the land taken, defendants' farm was indisputably injured or damaged. Nor did the instruction assume that the remaining land sustained damage or injury, because the qualifying words 'if any' were used in that connection. It is also contended that parts of the instruction constituted unwarranted comments on the evidence and gave undue prominence to certain portions of the same. Properly advising the jury as to the elements which they may consider in estimating damages is not a comment on the evidence or giving any feature or element thereof undue prominence. Plaintiff's corresponding instruction B dealt with elements of damage in this manner and it is, therefore, not objectionable. But defendants' instruction did more. It singled out facts and presented them in argumentative fashion. It was prejudicial error to give the instruction in this form. Finally, the concluding clause, 'in fact, anything that would injure the salable value of the farm,' is branded as a roving commission to the jury to go far afield. While this instruction only goes to the elements of damage and does not purport to cover the whole case or direct a verdict, it is probably open to this objection. On a retrial it can be improved upon in this and other minor respects which need not be discussed in this opinion.

"Appellant also insists that the court committed prejudicial error in giving defendants' requested instruction numbered 2, which is as follows:

"'The jury are instructed that in estimating the benefits, if any, which the land not actually taken by the plaintiff may receive because of the construction of the road through it, the jury are not permitted to consider any benefits, if any, which the community in general, or surrounding property owners, if any, may receive by reason of the construction of the road through said land; but said

benefits, if any, must be confined to the special benefits which the farm of the defendants, through which the road runs, will receive, and no other.'

"The instruction is rendered ambiguous and, therefore, objectionable by the concluding words, 'and no other.' Furthermore, the jury might infer from the language used that the special benefits to defendants' remaining land should not include such as accrued to the remaining land of other landowners from which a part had been taken. When the case is again tried the jury should be instructed on this point in a manner clearly consistent with our rulings in State ex rel. State Highway Commission v. Jones, supra, and State ex rel. State Highway Commission v. Duncan, 19 S. W. (2d) 465, 467. The inferences that might be drawn from this instruction are so inconsistent with plaintiff's requested instruction also given on the question of special benefits that the error in giving the former cannot be said to have been cured by giving the latter. [14 R. C. L., sec. 72, p. 812; James v. Missouri Pacific Ry. Co., 107 Mo. 480, 485, 18 S. W. 31; Mansur-Tebbetts Implement Co. v. Ritche, 143 Mo. 587, 612, 45 S. W. 634.]

"Counsel for appellant also say that witnesses were questioned as to injury or damage to the northwest forty acres of defendants' land, and that this was reversible error. We are referred to no place in the abstract where this appears, and the assignment so made is too general to deserve attention. Complaint is also made as to certain remarks of defendants' counsel made on oral argument. As this alleged misconduct will not likely occur on a retrial of the case it will not be reviewed here.

"On account of the errors above noted the judgment is reversed and the cause remanded for a new trial."

This divisional opinion was concurred in on the merits by all the judges of the division, but two of them being of the opinion that the court was without jurisdiction, the case was transferred to court en banc. There the case was again argued and submitted; whereupon the court, finding itself without jurisdiction, transferred the case to this court.

In view of the divisional opinion we have felt that a reexamination of the case here would be a work of supererogation. However, upon the insistence of counsel for defendant, we have made such reexamination. Our conclusion is that the judgment should be reversed and the cause remanded, for the errors pointed out in the divisional opinion. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.