STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Appellant,

v.

Mark O. MINK et al., on the Exceptions of
W. Reme Shaner, Hazel Shaner, Webb City
Bank, a Corp., and Max Glover, Trustee,
Respondents.

No. 7487.

Springfield Court of Appeals.

Missouri.

July 6, 1956.

Robert L. Hyder, Bruce A. Ring, Jefferson City, for appellant.

Coyne & Patten, Joplin, for respondents.

McDOWELL, Presiding Judge:

This appeal is from a judgment in the sum of $2,000 awarded to respondents as compensation for the appropriation by condemner of an easement over respondents' farm for use in construction of state supplementary highway known as Route DD in Jasper County, Missouri.

The action in condemnation was instituted in the Circuit Court of Jasper County, by the Missouri State Highway Commission to acquire a strip of land 20 feet wide and 1,389 feet long off the north side of respondents' 24-acre farm containing 0.351 acres. Following the report of commissioners, condemner filed exceptions which were tried May 11, 1955, and the jury returned a verdict in favor of respondents assessing their damage in the sum of $2,000 on which judgment was entered.

Condemner-appellant assigns the following errors for reversal on appeal:

1. That the trial court erred in giving instruction No. 1 for the reasons, (a) that the instruction states an abstract proposition of law on an issue not involved in the case to the prejudice of appellant; (b) that it did not allow the jury to offset special benefits against the value of the land taken; (c) that it allowed the jury to assess the value of fencing twice.

2. The court erred in giving instruction No. 3 because the instruction does not permit the jury to allow special benefits resulting from the improved facilities.

3. The court erred in giving instruction No. 4 because it bases the value of the property upon its value to the respondents.

4. The trial court erred in allowing the testimony of witness, Archie Brand, to go

to the jury and in not striking the same for the reason that said witness' opinion of the market value of the property was based upon the value the property would have to the witness.

5. That the court erred in refusing to allow appellant to show the type of maintenance afforded the State Highway as compared to the maintenance of the county road.

 Appellant first attacks respondents' instruction No. 1 contending that the first two paragraphs constitute reversible error. Instruction No. 1 reads:

"The Court instructs the jury that the plaintiff, the State of Missouri, had by law the right to locate its highway over the defendants' property, and to take the defendants' property without their consent and against their will.

"The jury are further instructed that, under the constitution of the State of Missouri private property cannot be taken for public use without just compensation being paid to the owner or owners thereof; and in this case what constitutes just compensation to which the defendants are entitled is a question to be decided by your verdict.

"In passing upon this question if the jury find from the evidence that defendants' property in question is damaged, then the jury should allow the defendants:

"1. For the fair, reasonable, market value of the strip of land actually taken, and front fence.

"2. And in addition thereto, you will award such damages, if any, to the remainder of defendants' land and the improvements thereon situate as you may find are caused by the taking of defendants' said strip of land described in evidence and appropriated by plaintiff in this suit, less any special benefits, if any."

The State Highway Commission proceeds in an action in condemnation under the provisions of Chapter 523, RSMo 1949,

V.A.M.S. (see sections 226.270 and 227.120 (13)) and the sole question presented to the jury in the trial of exceptions is one of damages. Section 523.050; Kansas City Sub. B. R. Co., v. Kansas City, St. L. & C. R. Co., 118 Mo. 599, 617, 618, 24 S.W. 478, 483; State ex rel. State Highway Commission v. Goodson, Mo.Sup., 281 S.W.2d 858, 861.

We agree with appellant that the first two paragraphs are merely abstract propositions of law and, in no way, touch the issues in the case.

In State ex rel. State Highway Commission v. Huddleston, Mo.App., 52 S.W.2d 33, the court, in ruling upon a similar instruction, held it to be prejudicial error, especially in view of evidence by the landowner that he did not want to sell his land; that he loved it and wanted to keep it and that they had disfigured and ruined it until he could hardly stand it.

In State ex rel. State Highway Commission v. Williams, Mo.App., 263 S.W.2d 444, this court held that the giving of a similar abstract instruction would not constitute reversible error unless it appears that the complaining party has been prejudiced, or that the jury could have been misled thereby.

In State ex rel. State Highway Commission v. Goodson, supra, nearly all of the cases in Missouri, both pro and con, are discussed. The instruction considered by the Supreme Court in this opinion was worded almost exactly as the one here at bar. The court made this statement on page 861 of 281 S.W.2d:

"* * * The questioned paragraph emphasizes evidence foreign to any issue with which the jury was concerned. It may state an abstract proposition of law but the factual situation implied in 'without consent and against their will' does not necessarily follow. The property owner may prefer the location of the highway through his land over a location, say, a mile or more from his land, and con-

sider he is entitled to compensation because some of his land is devoted to public use. 'Without consent and against their will' could only refer to and comment upon defendant Goodson's statements quoted above. Said statements presented no fact issue and embraced no constitutive element for consideration in arriving at the damages, the sole issue for the jury. The paragraph, introducing the owners' main damage instruction, is in apt language to inflame the minds of the jurors, to arouse their sympathy for the defendants and prejudice against the plaintiff, and "for a verdict in a larger amount than warranted by an impartial consideration of the evidence. We conclude after a careful review of the authorities that the record establishes reversible error. Illinois, I. & M. R. Co. v. Easterbrook, 211 Ill. 624. 71 N.E. 1116, 1118, so ruled a similar instruction."

We, likewise, hold under the evidence in this case that the language used in the paragraphs complained of presented no fact issue and embraced no constitutive element for consideration in arriving at the damages, the sole issue for the jury.

The evidence of respondent-landowner showed that the 20-foot strip of land appropriated in this action was not being used for the purposes for which it was condemned. He testified that so far as he could tell the blacktop on the new road just covered that part of the old county road; that this strip of land in front of his property was allowed to grow up in weeds and the only improvement made on the property condemned was the cleaning out of the road ditch and cutting it three feet deep so close to his shade trees that it caused them to die.

We think the instruction was highly prejudicial and would inflame the minds of the jurors and arouse their sympathy for the defendants and cause a larger verdict than was warranted by an impartial consideration of the evidence.

■ Appellant contends that instruction No. 1 constitutes reversible error because it advises the jury to deduct special benefits only from the damage to the remainder of respondents' property.

The part of the instruction complained of is (2) and reads:

"And in addition thereto, you will award such damages, if any, to the remainder of defendants' land and the improvements thereon situate as you may find are caused by the taking of defendants' said strip of land described in evidence and appropriated by plaintiff in this suit, less any special benefits, if any."

Of course it was error to confine the deduction of special benefits to the damages to the remainder of respondents' land. State ex rel. State Highway Commission v. Day, 226 Mo.App. 884, 47 S.W.2d 147, 149.

As to whether or not such errors constitute reversible error depends upon all of the instructions. Instruction No. 6 given for respondents correctly states the law on this proposition and, under the rule of construction, that all instructions must be read together, we are of the opinion that this was not reversible error, but, since this case must be retried this instruction should not be given.

■ It is contended that instruction No. 1 constitutes reversible error because it allows the jury to assess the cost of fencing twice.

With this contention we agree. It was proper for the jury to consider fencing as an element of damage but the jury could not assess the damages to the remainder of the tract and damages for fencing. The damages caused by destruction of the fences was only an element of the damage to the balance of the tract. Under the evidence in this case respondents' testimony was to the effect that a wire fence along the front of their property with hedge posts was destroyed and that the

fence was of the value of some $300. So, under this instruction, the jury possibly allowed damages to the balance of the tract of land and an additional sum for the fencing which would be improper. In re Aiken, 262 Mo. 403, 171 S.W. 342; State ex rel. State Highway Commission v. Haid, 332 Mo. 606, 59 S.W.2d 1057.

In Proceedings, etc., v. National Engineering & Mfg. Co., Mo.App., 274 S.W.2d 490, 492, the law is stated:

" * * * The value of buildings and fixtures is only important as affecting the value of land being condemned, if the *land* is thereby enhanced in value."

■ Appellant contends that the court erred in giving instruction No. 3 for the reason that it did not permit the jury to allow special benefits resulting from the improved facilities.

The instruction reads: "The Court instructs the jury that any work performed by the plaintiff, if any, on the original right-of-way cannot be deducted as special benefits to defendant's land in question."

We agree with appellant that this instruction is erroneous. In State ex rel. State Highway Commission v. Day, 226 Mo.App. 884, 47 S.W.2d 147, 149, the court stated:

"Hence it follows that in ascertaining the measure of damages for each succeeding appropriation it is immaterial that the land has previously been subjected to a public use which in its nature was an improvement, for if it be specifically benefited by each succeeding appropriation the measure of such benefits is for the jury to determine as of the time the appropriation was made. * * *"

This instruction tells the jury that that part of the improvement being made, which was performed on the original right-of-way cannot be deducted as special benefits. Of course the new improvement not only includes the land condemned in the present action but the improvement as a whole, which includes the original right-of-way. State ex rel. State Highway Commission v. Bailey, 234 Mo.App. 168, 115 S.W.2d 17; State ex rel. State Highway Commission v. Southern Securities Co., Mo.App., 60 S.W.2d 632.

It is contended that the trial court erred in giving instruction No. 4 for the reason that the instruction bases the value of the property upon its value to respondents.

This instruction reads: "The Court instructs the jury that the defendants are entitled to recover such damages, if any, under the testimony and evidence as may be allowed them under these instructions based upon the reasonable market value before and after the taking for the purposes for which the defendants acquired such property, if you find and believe from the greater weight of the evidence the defendants acquired such property for said purposes."

■ The law is that in determining the award for condemnation, it is proper for the jury to take into consideration all uses for which condemnees' property is suitable and adaptable, having regard to existing business or wants of the community, or such as may be reasonably expected in the immediate future. In re Armory Site in Kansas City (Kansas City v. Aronson), Mo. Sup., 282 S.W.2d 464; Empire Dist. Electric Co. v. Johnston, 241 Mo.App. 759, 268 S.W.2d 78.

In Empire Dist. Electric Co. v. Johnston, supra, 268 S.W.2d at page 82, the court stated:

" * * * it has been held in a number of cases that evidence of intended use or proposed improvements tending to show or illustrate the adaptability of condemnee's property for certain uses or purposes may be admissible. * * *" (See cases cited.)

Respondent, W. Reme Shaner, testified that he and his wife were the owners of a 24-acre farm and had lived on it for five years; that the improvements consisted of

a 5-room modern house, a nice barn 24′ x 48′ with stanchions for 14 cows, a corn crib and feed storage and a chicken house and some little sheds. He testified that there was a deep well on the place which he used for irrigating the land. He gave this testimony:

"Q. Do you farm this 24 acres? A. I am now."

■ This is all the testimony offered by respondents as to the suitability or adaptability of the property for business use. Now the instruction says that respondents are entitled to recover damages under the evidence based upon the reasonable market value before and after the taking for the purpose for which respondents acquired such property if the jury found from the greater weight of the evidence that the respondents acquired said property for said purposes. Nowhere did respondents testify for what purpose they acquired the property, and, under this instruction, the jury would be given a roving commission to guess what respondents acquired the property for. The instruction is too broad and should not have been given. Upon the retrial of the case this instruction, whether harmless or not, should be omitted.

Under allegation of error No. IV, appellant says that the court erred in allowing the testimony of Archie Brand to go to the jury and in not striking the same for the reason that the opinion of the witness as to the market value of the property was based upon what the value of the property would have to the witness.

Archie Brand testified that he lived 4½ miles west of Jasper and was engaged mostly in farming; that he was also a merchant. He gave this testimony:

"Q. You have had extensive dealings in real estate up in that territory, haven't you? A. I have bought and sold quite a few farms.

"Q. And made loans on farms, examined farms, and you know what the fair market value of various properties are up in that neighborhood? A. Yes, sir.

"Q. Now, Mr. Brand, you are familiar with the Reme Shaner place, are you? A. Yes, sir."

The witness testified he had examined the property, was acquainted with the proposed new improvement of the highway and the improvements existing before the new improvements were made; that he was familiar with the trees along the front of the place and the fences thereon. He was then asked:

"Q. Now, Mr. Brand, what do you say as to what was the reasonable market value of Mr. Shaner's property on May 13, 1952? A. Before that, I would say about $12,000.00.

"Q. All right then, what was it worth after the State took over that tract of land that they took? A. I would say $10,000.00."

This witness testified he had seen the farm almost every day and knew the condition of fences. He stated he had fed cattle on the land prior to the present owner. He testified the reasonable, fair market value of the fences at the time of the taking was $300. On cross-examination the witness testified he had fed cattle on this property five or six years ago and then gave this testimony:

"Q. Let me ask you, Mr. Brand, are you basing your opinion of the $2,000.00 in damages on the fact that he will not have the retaining wall, will not have any trees in front of his house? A. Based on what it would be worth to me if I was buying a place and that belonged to somebody, I would think it would be $2,000.00 less, at least.

"Q. That is what you would pay for it? A. No, it would be worth that much less to me as a farm."

Appellant moved to strike this testimony because the witness was basing his value of

the land on not the true consideration, not the true market value, but the value to him. The objection was overruled.

Appellant cites State ex rel. State Highway Commission v. Pope, 228 Mo.App. 888, 74 S.W.2d 265, 268, which states:

"* * * Of course, the general rule is that, where a witness testifies as to his opinion upon a matter within his personal knowledge, the facts upon which the opinion is based should be stated. * * * However, in the latter case it was further held, in effect, that witnesses expressing their opinion as to value of property must base their opinion upon competent evidence and keep within the proper limits as to matters considered in forming their opinions. In other words, an expert witness, testifying as to the value of property, may and should give his reasons for such opinion, but in doing so he must base that opinion upon proper elements to be considered. * * *"

In In re Armory Site in Kansas City (Kansas City v. Aronson), supra, 282 S.W. 2d on page 472 of the opinion, the court states this law:

"In a condemnation case, an expert witness, giving an opinion as to value of property, may testify concerning the basis for arriving at his opinion. State ex rel. State Highway Commission v. Pope, 228 Mo.App. 888, 74 S.W.2d 265; II Wigmore, Evidence, (3rd ed.) § 652; Lewis, Eminent Domain (3rd ed.) § 654; 5 Nichols, Eminent Domain (3rd ed.) § 18.45(1). But a witness may not, under the guise of giving the basis of his opinion, lug in evidence which is incompetent or irrelevant, nor should he be permitted to go into the grounds of his opinion in such a way as to confuse or mislead the jury. The scope of such examination is a matter properly committed to the sound discretion of the trial judge, who should be careful to see that false issues are not suggested to the jury and that it is not otherwise mislead. * * *"

The witness qualified to testify as to the reasonable market value before and after the appropriation. It was proper then for the condemner to examine him as to the basis of his opinion, the elements considered in reaching that decision and the answers he gave were, of course, inadmissible. However, a part of witness' testimony was admissible and motion to strike all was properly overruled.

In Kamo Electric Cooperative v. Baker, Mo.Sup., 287 S.W.2d 858, 863, the court stated:

"Value and damages in condemnation proceedings are not susceptible of precise proof, and in many cases can only be approximately shown by the opinions of witnesses having the requisite information. Although it was not shown that these witnesses had the requisite information, they each expressed an opinion without objection, and the weight to be given to the opinions expressed, as affected by the information brought out on cross-examination, is to be determined by the jury in connection with the circumstances under which they were offered. Texas-Empire Pipe Line Co. v. Stewart, 331 Mo. 525, 55 S.W.2d 283. It is true that the cross-examination developed that some of the reasons upon which the opinions were based were remote and indefinite, and that one opinion was in part based upon damage resulting from tortious acts. However, appellant did not attempt to show that absent these improper factors the witness had no opinion, or that if the witness did have an opinion absent the improper factors, it, too, was improper for some other reason. See State ex rel. Kansas City Power & Light Co. v. Gauld, 360 Mo. 795, 230 S.W.2d 850(4). As to one witness no motion to strike the opinion was made, but only a motion to strike certain testimony brought out on cross-examination which was contended by appellant to be remote and speculative. As to the other two witnesses the motion to strike was directed to all the testimony of the witness

concerning his estimate of the reduction of value of the land, and some of the testimony was proper. In view of the manner in which this evidence was brought out and the circumstances under which the motions to strike were made, we cannot say that reversible error occurred. \* \* \*"

■ The last assignment of error complains that the trial court erred in refusing appellant the right to show the type of maintenance afforded the State Highway as compared to the maintenance of the county road.

Appellant cites State ex rel. State Highway Commission v. Jones, 321 Mo. 1154, 15 S.W.2d 338, 339, 340. This case holds that the general rule is that an improved highway by reason solely of its physical proximity to adjacent land confers upon such lots or tracts a special benefit. The court quotes from 20 C. J., p. 824 as follows:

" 'When the land is taken for the laying out or widening of a way, there are two kinds of benefit which the remaining land may receive: The special and direct benefit arising from its position on the way; and the general benefit not arising from its location on the way, but from the facilities and advantages caused by the way. The direct and peculiar benefit may be considered, while the general benefit cannot be.' " [See, also, 29 C.J.S., Eminent Domain, § 183].

We are unable to find that the authority cited supports appellant's contention. There can be no doubt that it is proper to show what the proposed improvement will be but to attempt to show how the road will be cared for in the future would be speculative. We find against appellant on this issue.

Judgment reversed and remanded for new trial.

STONE and RUARK, JJ., concur.