KAMO ELECTRIC COOPERATIVE, INC., Plaintiff-Appellant,

v.

Richard SANDERS, et al. Exceptions of Robert K. Darby, Randy D. Darby, and Ricky W. Darby, Substitutes for Marjorie Darby, Defendants-Respondents.

No. 14268.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 30, 1987.

Kerry D. Douglas, Douglas, Douglas & Lynch, P.C., Bolivar, Mo., for plaintiff-appellant.

J.D. Baker, Osceola, Mo., for defendants-respondents.

FRANK CONLEY, Special Judge.

KAMO Electric Cooperative, Inc. brought suit to determine damages for the taking of a high voltage power line right-of-way across the Darby property under the exercise of the right of eminent domain. Plaintiff KAMO appeals from a jury verdict awarding the defendants $13,000 in damages. The appeal questions the admissibility and sufficiency of the defendants' evidence. We find competent evidence was introduced by both the plaintiff and the defendants sufficient for the jury to make a determination for just compensation for damages. We affirm.

The Darby property, located on Highway 254, is approximately one-quarter mile from the Carson's Corner junction of Highway 64 in Hickory County, Missouri. At the time of the taking, May 30, 1981, the 24.7 acre tract had 1550 feet of highway frontage and one homesite with the remainder of the land in pasture. The right-of-way covers 3.03 acres and crosses the square track diagonally, beginning in the S.E. corner of the property.

At the trial one expert witness for the plaintiff and two expert witnesses for the defendant testified that the highest and best use of the land was for commercial use along the highway frontage and residential development for the remaining acreage. Each witness opined a fair market value of the property before and after the taking · to determine the damages. Each witness testified to comparative sales and to their similarities with the subject tract.

The single question presented on appeal is: Whether the defendants introduced competent evidence of the fair market value of the subject tract before and after the taking of the power line right-of-way? The appellant charges both of the defendants' expert witnesses used improper methods for valuating the damages and as such, their testimony was incompetent. The appellant contends the only competent evidence was introduced by their expert witness and therefore the jury award in excess of the plaintiff's expert opinion should be set aside or a new trial should be granted. If this contention was true, we would be compelled to find for the appellant because "undisputed expert testimony ... is to be accepted as conclusive by the trier of fact." *Phillips v. Union Electric Company*, 350 S.W.2d 432, 437 (Mo.App.1961).

The appellant charges the defendants' expert witnesses solely utilized the "lot method" or capitalized development method in appraising the damages caused by the taking of the power line right-of-way. This method assigns value to land as if it was developed (capitalized) and subdivided into saleable lots. See 4 Nichols, Eminent Domain § 12.3142[1][a], p. 12–337 (3d ed. 1985); and is merited only in unique circumstances. *State ex rel. State Highway Commission v. Riss*, 432 S.W.2d 193, 198 (Mo.1968). If the "lot method" was used to the exclusion of all other methods it would be a violation of the principles enunciated in *In re Armory Site in Kansas City*, 282 S.W.2d 464 (Mo.1955); *State, ex rel. State Highway Commission v. Williamsville Stone Co., Inc.*, 622 S.W.2d 407 (Mo.App. 1981).

This gives a future developed value of the tract and is improper for the determination of the present value. The measure of damages for the taking is to be determined as of the time of the taking. *City of St. Louis v. Paramount Shoe Mfg. Co.*, 237 Mo.App. 200, 168 S.W.2d 149, 153 (1943); *State ex rel. State Highway Commission v. Day*, 226 Mo.App. 884, 47 S.W.2d 147, 149 (1932). Therefore it follows that if the expert witness computed the present value solely by determining the number of lots and multiplied that number by the lots' contemplated selling price in the future, it would be erroneous even if the development expenses and other selling expenses were deducted. *Williamsville Stone, supra* at 409.

In *Williamsville Stone, supra* at 409, the appraiser for the property owners calculated, for valuation purposes, the number of available lots which could be subdivided from the property and considered their value. However, the appellants did not establish that he stopped there and used that method as a present value, rather than using it "in arriving" at his evaluation, and therefore his testimony was admissible. Id. at 409.

In the case at bar, to arrive at the damage value defendants' witness Randy Mackey, as did the plaintiff's witness, broke the parcel into commercial and residential tracts to evaluate it for its highest and best use. The witness described several parcels of land sold in the subject area, explaining similarities or differences which were considered in comparison with the subject tract. Disparity in size, location, development and the buyer's stated purpose of the purchase was given consideration. The accepted rule for the valuation of unimproved land is to consider the land in its present condition as a whole with consideration given to enhancement in value due to the property's adaptability to subdivision development. *Williamsville Stone*, at 409 quoting 4 Nichols, Eminent Domain § 12.3142[1][a], p. 12–356 (3d ed. 1980).

The defendants' experts did consider the highest and best use of the land which the plaintiff endorsed as commercial and rural residential. The record reveals all experts valued the land for these purposes based

on comparable sales data. The differences in the experts' opinion appear to be based on the selectiveness of the sales each considered.

Defendants' witness, Randy Mackey, a certified real estate appraiser, testified that he used the comparative sales method of evaluating the subject parcel to arrive at a value before and after the taking of the right-of-way to determine damages.

On direct examination Witness Mackey testified:

Q. Randy, how did you arrive at your opinion as to the before and after value?

A. I approached it using the market data approach.

Q. Now for the jury's identification, what do you mean by market data approach?

A. I searched the general areas and talked to various people in the subject areas and located comparable properties that have sold. I took those properties, made allotments for various differences, and come [sic] up with approximate value for the subject.

Q. In other words, it's a comparable sales approach?

A. Yes.

■ The measure of just compensation to which the owner of land is entitled to receive, is not the value of the land at some future date after it has been improved at considerable cost to make it usable for a purpose for which he claims it to be reasonably adaptable. *In re Armory, supra,* at 472 citing *The Sedalia, Warsaw & Southern Ry. Co. v. Abell,* 18 Mo.App. 632 (1885); 4 Nichols, Eminent Domain (3rd ed.) § 12.3142. The jury may consider uses of the land for which it is reasonably suitable, having regard to the existing business wants of the community, or such as may be reasonably expected in the future. *Missouri Pac. Ry. Co. v. Porter,* 112 Mo. 361, 20 S.W. 568, 569 (1892); *Metropolitan Street Ry. Co. v. Walsh,* 197 Mo. 392, 94 S.W. 860, 868 (1906).

Witness Mackey's testimony was found competent by the trial judge and we find no abuse of discretion. See *O'Laughlin v. Barstow,* 654 S.W.2d 95, 97 (Mo.App.1983);

*Keller v. International Harvester, Corp.,* 648 S.W.2d 584, 588 (Mo.App.1983).

We do not find the defendants' expert placed a present value on the subject tract based solely on future development but that the witness valued the property based on its reasonably adaptable use. This is permissible. It is well settled that if land is so situated that it is actually available for building purposes, its value for such purposes may be considered, even if it is used as a farm or is covered with brush and boulders. *State ex rel. State Highway Commission v. Gann,* 407 S.W.2d 898, 901 (Mo.1966).

Having addressed the testimony of one of the defendants' expert witnesses we need not inquire into the admissibility or competency of the other witness. Sufficient competent evidence was presented before the jury to enable them to properly assess damages due to the taking of the power line right-of-way.

PREWITT, C.J., MAUS and CROW, JJ., and GARY A. FENNER, Special Judge, concur.